NO. 07-00-0424-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 7, 2001


______________________________



RICHARD HENRY PELFREY
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 12,585-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________



Before QUINN, REAVIS and JOHNSON, JJ. 

 Richard Henry Pelfrey (appellant) appeals his conviction for attempted indecency
with a child. Via one issue, he contends that the evidence is legally insufficient to support
his conviction. We affirm.

Background


 The victim, B.W. (an eight year old female) was playing outside the apartments
where appellant resided on a warm May day. She was playing with her sister and two
friends, when appellant decided B.W. was cold and instructed her sister to go into his
apartment to retrieve a shirt for him to use to cover B.W. The sister complied and gave
the shirt to appellant. Appellant sat B.W. on his lap and placed the shirt around her,
buttoning it at the back. He then placed his hand on B.W.'s left thigh and on her stomach. 
He began rubbing her thigh and the outside of her "private part." B.W. became
uncomfortable and attempted twice to get up from appellant's lap. He continued to pull her
back onto his lap and told her that she was still cold. He continued to leave his hand on
her leg and stomach. This interaction took place for approximately 30 minutes before B.W.
left the lap of appellant on the pretext that she wanted to go and play with her sister. 

 B.W. later told her sister and one of the friends who was present during this incident
about what appellant had done. Approximately two weeks later, B.W.'s mother learned of
the incident, and she questioned B.W. about it. According to her mother, B.W. stated that
appellant had touched her in the "groin area." 

 The State indicted appellant for indecency with a child. He elected to have the
accusations tried by the court. The latter convicted him of attempted indecency with a
child. He was sentenced to 10 years in prison. However, the trial court suspended his
sentence and placed him on community supervision for ten years. Appellant, then, timely
noticed his desire to appeal.

Standard of Review


 As previously stated, appellant questions the legal insufficiency of the evidence
underlying the court's finding of guilty. In determining whether the evidence is legally
sufficient, we review it in the light most favorable to the verdict and ask whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L. Ed.2d
560 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). If the answer is yes,
then the evidence underlying the conviction is legally sufficient.

 Next, one commits the offense of indecency with a child when, with a child under
17 years of age and not his spouse, he engages in sexual contact with the child. Tex. Pen.
Code Ann. §21.11(a)(1) (Vernon Supp. 2001). Furthermore, sexual contact is defined as
touching the anus, breast, or any part of the genitals of another person with intent to
arouse or gratify the sexual desire of any person. Id. at §21.01(2). Yet, since appellant
was found guilty of attempted indecency, the evidence need not show that he actually
engaged in sexual contact. Rather, it suffices if it illustrates that he, with specific intent to
commit the offence of indecency with a child, performed an act amounting to more than
mere preparation that tends but fails to effect the commission of the offense intended. 
Tex. Pen. Code Ann. §15.01(a). Finally, the requisite intent can be established by
circumstantial evidence and inferred from the accused's acts, words, or conduct. Slomba
v. State, 997 S.W.2d 781, 783 (Tex. App.--Texarkana 1999, pet. ref'd.). This includes the
intent to arouse or gratify sexual desire. Cunningham v. State, 726 S.W.2d 151, 154-55
(Tex. Crim. App. 1987).

Analysis


 Appearing of record is the following evidence. On a "hot day" in May, appellant
suggested that B.W. was cold and secured a shirt to supposedly use as a cover for her. 
He placed the shirt around the child with the buttons in the back, thereby concealing the
front of her torso and his hands when placed under the shirt. Thereafter, appellant set the
child on his lap, placed his hands under the covering, and began touching various parts
of her body such as her leg, stomach and "up under her cut-offs." When asked about the
particular areas, B.W. indicated that his hand was 1) on "her groin," 2) "[b]etween [her] leg
and [her] private part," 3) "under her shorts but on the outside of her panties," and 4)
moving. The child also said that while his hand was on her leg, "[i]t was rubbing the skin
of [her] private." Additionally, when the child sought to release herself from appellant's
grasp, he would tell her that she was still cold and retain his hold. This occurred over a
thirty minute period. Finally, this was not the first time appellant had been seen touching
female children. One witness testified that she saw him place his hand under the dress
of another girl.

 The evidence of appellant's inducing B.W. to sit on his lap through what could be
viewed as a pretense, secreting of his hands from public view while he rubbed the child's
groin area and "private" over a thirty minute period, refusing to release the child, and
placing his hand underneath the dress of another girl permit one to rationally infer, beyond
reasonable doubt, that he acted with the intent to arouse or gratify someone's sexual
desire and that he intended to engage in sexual contact. Indeed, we know of no legitimate
remedy to hypothermia (supposedly occurring on a hot day) involving contact with the
groin area of the person allegedly suffering from lowered body temperature. Nor has
appellant suggested that one exists. Thus, the fact-finder was entitled to reasonably
deduce that appellant engaged in that activity with the requisite mens rea.

 So too does the foregoing description of the evidence evince more than mere
preparation to intentionally touch the child's genitalia with the requisite lascivious intent. 
Not only had he developed what could be reasonably viewed as a ruse to get the girl on
his lap but also he proceeded to rub the area surrounding her groin while hiding his hands
from public view. In short, his plan was in action and near fruition by the time the girl
extricated herself from his grasp. 

 Simply put, the fact-finder had before it some evidence upon which it could have
rationally concluded, beyond reasonable doubt, that appellant committed attempted
indecency with a child, if not indecency itself. Thus, we affirm the judgment. 


 Brian Quinn

 Justice


Do not publish.