NO. 07-00-0424-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 7, 2001
_____

RICHARD HENRY PELFREY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;

NO. 12,585-C; HON. PATRICK A. PIRTLE, PRESIDING
_____

Before QUINN, REAVIS and JOHNSON, JJ.

Richard Henry Pelfrey (appellant) appeals his conviction for attempted indecency with a child. Via one issue, he contends that the evidence is legally insufficient to support his conviction. We affirm.

### *Background*

The victim, B.W. (an eight year old female) was playing outside the apartments where appellant resided on a warm May day. She was playing with her sister and two friends, when appellant decided B.W. was cold and instructed her sister to go into his

apartment to retrieve a shirt for him to use to cover B.W. The sister complied and gave the shirt to appellant. Appellant sat B.W. on his lap and placed the shirt around her, buttoning it at the back. He then placed his hand on B.W.'s left thigh and on her stomach. He began rubbing her thigh and the outside of her "private part." B.W. became uncomfortable and attempted twice to get up from appellant's lap. He continued to pull her back onto his lap and told her that she was still cold. He continued to leave his hand on her leg and stomach. This interaction took place for approximately 30 minutes before B.W. left the lap of appellant on the pretext that she wanted to go and play with her sister.

B.W. later told her sister and one of the friends who was present during this incident about what appellant had done. Approximately two weeks later, B.W.'s mother learned of the incident, and she questioned B.W. about it. According to her mother, B.W. stated that appellant had touched her in the "groin area."

The State indicted appellant for indecency with a child. He elected to have the accusations tried by the court. The latter convicted him of attempted indecency with a child. He was sentenced to 10 years in prison. However, the trial court suspended his sentence and placed him on community supervision for ten years. Appellant, then, timely noticed his desire to appeal.

### Standard of Review

As previously stated, appellant questions the legal insufficiency of the evidence underlying the court's finding of guilty. In determining whether the evidence is legally sufficient, we review it in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a

2

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L. Ed.2d 560 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). If the answer is yes, then the evidence underlying the conviction is legally sufficient.

Next, one commits the offense of indecency with a child when, with a child under 17 years of age and not his spouse, he engages in sexual contact with the child. TEX. PEN. CODE ANN. §21.11(a)(1) (Vernon Supp. 2001). Furthermore, sexual contact is defined as touching the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. *Id.* at §21.01(2). Yet, since appellant was found guilty of attempted indecency, the evidence need not show that he actually engaged in sexual contact. Rather, it suffices if it illustrates that he, with specific intent to commit the offence of indecency with a child, performed an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PEN. CODE ANN. §15.01(a). Finally, the requisite intent can be established by circumstantial evidence and inferred from the accused's acts, words, or conduct. *Slomba v. State*, 997 S.W.2d 781, 783 (Tex. App.--Texarkana 1999, pet. ref'd.). This includes the intent to arouse or gratify sexual desire. *Cunningham v. State*, 726 S.W.2d 151, 154-55 (Tex. Crim. App. 1987).

### *Analysis*

Appearing of record is the following evidence. On a "hot day" in May, appellant suggested that B.W. was cold and secured a shirt to supposedly use as a cover for her. He placed the shirt around the child with the buttons in the back, thereby concealing the front of her torso and his hands when placed under the shirt. Thereafter, appellant set the

3

child on his lap, placed his hands under the covering, and began touching various parts of her body such as her leg, stomach and "up under her cut-offs." When asked about the particular areas, B.W. indicated that his hand was 1) on "her groin," 2) "[b]etween [her] leg and [her] private part," 3) "under her shorts but on the outside of her panties," and 4) moving. The child also said that while his hand was on her leg, "[i]t was rubbing the skin of [her] private." Additionally, when the child sought to release herself from appellant's grasp, he would tell her that she was still cold and retain his hold. This occurred over a thirty minute period. Finally, this was not the first time appellant had been seen touching female children. One witness testified that she saw him place his hand under the dress of another girl.

The evidence of appellant's inducing B.W. to sit on his lap through what could be viewed as a pretense, secreting of his hands from public view while he rubbed the child's groin area and "private" over a thirty minute period, refusing to release the child, and placing his hand underneath the dress of another girl permit one to rationally infer, beyond reasonable doubt, that he acted with the intent to arouse or gratify someone's sexual desire and that he intended to engage in sexual contact. Indeed, we know of no legitimate remedy to hypothermia (supposedly occurring on a hot day) involving contact with the groin area of the person allegedly suffering from lowered body temperature. Nor has appellant suggested that one exists. Thus, the fact-finder was entitled to reasonably deduce that appellant engaged in that activity with the requisite *mens rea*.

So too does the foregoing description of the evidence evince more than mere preparation to intentionally touch the child's genitalia with the requisite lascivious intent.

4

Not only had he developed what could be reasonably viewed as a ruse to get the girl on his lap but also he proceeded to rub the area surrounding her groin while hiding his hands from public view.  In short, his plan was in action and near fruition by the time the girl extricated herself from his grasp.

Simply put, the fact-finder had before it some evidence upon which it could have rationally concluded, beyond reasonable doubt, that appellant committed attempted indecency with a child, if not indecency itself.  Thus, we affirm the judgment.


Brian Quinn
Justice

Do not publish.

5