GOODSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-210-CR

DESSIE ANN GOODSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dessie Ann Goodson appeals her conviction for making a terroristic threat.  In two points on appeal, Appellant complains that the evidence is not legally and factually sufficient to support the “intent” element of the alleged threat.  We will affirm.

Background Facts and Procedural History

On October 14, 2002, Appellant was waiting for the LINK bus at the University Drive bus stop in Denton County.  Marcus Daniels was driving the bus that day when Appellant boarded.  There was testimony from several witnesses that Appellant was complaining that the bus was late, had a camera, and was taking pictures.  However, there was conflicting testimony about whether Appellant was using profanity.

When the bus approached LINK Central, Appellant pulled the cord to signal that she wanted to get off the bus.  Daniels told Appellant “you know, the stop is on the other side of the street.  I will let you off. . . when I come back around.”  Jack Brunk, a passenger on the bus that day, testified that Appellant proceeded to get up and start punching Daniels in the shoulder.  Another passenger, Audrey Sharp, testified that Appellant was doing a “pushing-type move and hitting him at the same time.”  Brunk testified that Appellant“ grabbed ahold of the steering wheel,” and Sharp testified that there was “a struggle over the steering wheel.”  She stated that while Appellant and Daniels were struggling, the bus driver was trying to get the bus under control, and that during this time there were “five, six, eight different cars on this side of him.”  Daniels and passengers testified that the bus was swerving during the struggle and that they feared hitting another vehicle.  Sharp also testified as follows:

[STATE]:  The swerving that was caused by Ms. Goodson’s actions, was that something that would happen normally on the bus?  Or what was your impression of that?

[SHARP]:  To me, it was abnormal

[STATE]:  You said that there was--there were cars in the nearby area.  Were you fearful that the bus might strike one of those cars?

[SHARP]:  Yes.  And some of the cars had children inside the cars. 

Once Daniels regained control of the bus he drove to LINK Central where Appellant got off the bus.  Appellant left before the police and the LINK supervisor arrived.

As a result of the events on October 14, 2002, Appellant was indicted for making a terroristic threat.  A jury trial was held and Appellant was convicted.  The jury assessed her punishment at six years in prison and recommended probation of the prison time.  On February 12, 2004, the trial judge suspended imposition of Appellant’s sentence and placed her on community supervision for six years.

Points on Appeal

In two points, Appellant challenges the legal and factual sufficiency of the evidence to support the jury’s verdict.  Specifically, Appellant argues that the evidence did not show that she possessed the requisite intent to disrupt public transportation.  Appellant contends that the evidence did not show she threatened to commit an act of violence to Daniels or to the bus.  In fact, she argues that she was trying to facilitate the purpose of the bus system by trying to get Daniels to let her off at her bus stop.

Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person makes a terroistic threat if she threatens to commit any offense involving violence to any person or property with the intent to cause impairment or interruption of public communications, public transportation, public water, gas, or power supply or other public service.  
Tex. Penal Code Ann
. § 22.07(a)(4) (Vernon Supp. 2004-05). 

Here, Appellant complains that the evidence is legally insufficient to support a finding that she intended to impair or interrupt public transportation. She also argues that by the express wording of the statute, absent a specific intent to impair or interrupt public transportation, her threat cannot be a violation of section 22.07(a)(4).  
See id
.; 
Henley v. State
, 98 S.W.3d 732, 735 (Tex. App.—Waco 2003, pet. ref'd).  Few cases have addressed subsection (a)(4), which was added to the statute in 1979. 
 See id
.  However, the “intent” language contained in subsection “(a)” refers to all four ways in which a terroristic threat can be made.  
Id
.

Intent is a question of fact to be determined by the trier of fact and may be inferred from the acts, words, and conduct of the accused.  
Reed v
. 
State
, No. 14-03-00942-CR, 2005 WL 171343, * 3 (Tex. App.—Houston [14th] Dist. Jan. 27, 2005, no pet. h.); 
Slomba v. State
, 997 S.W.2d 781, 783 (Tex. App.—Texarkana 1999, pet. ref'd).  The court held in 
Dues v. State 
that a person acts with “intent” with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.  634 S.W.2d 304, 305 (Tex. Crim. App. 1982).  Applied here, if it was Appellant’s conscious objective or desire to, by her acts, words, or conduct, cause impairment or interruption of public transportation, then she had the requisite “intent”.

Here, several witnesses testified about the results of Appellant’s acts, words, and conduct.  There was testimony from Daniels and other passengers on the bus that they were fearful that the bus would strike another car.  It is undisputed that Appellant hit Daniels and attempted to grab the steering wheel while the bus was in motion.  Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder.  
See Williams v. State
, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  Applying the appropriate standard of review and viewing all the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant intended to impair or interrupt the operation of the bus so that Daniels would let her off.  
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  We conclude that the evidence is legally sufficient to establish the “intent” element of the offense.  Accordingly, we overrule Appellant’s first point.

Factual Sufficiency

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

When reviewing Appellant’s factual sufficiency claim, we must remain cognizant of the fact finder’s role and unique position—one that the reviewing court is unable to occupy.  
Johnson v. State
, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  The jury determines the credibility of the witnesses and may “believe all, some, or none of the testimony.”
  Chambers v. State 
805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  It is the jury that accepts or rejects reasonably equal competing theories of a case.  
Goodman v. State
, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  A decision is not manifestly unjust as to the accused merely because the fact finder resolved conflicting views of evidence in favor of the State.  
Cain
, 958 S.W.2d at 410.

In the present case, it is clear from the record that Appellant was angry and agitated when she boarded the bus.  When Appellant continued to yell and complain, Daniels notified LINK Central regarding Appellant and her actions.  The record also reveals that Appellant hit and pushed Daniels and grabbed the steering wheel while the bus was traveling, causing it to swerve.  Although we disagree with Appellant’s assertion that services were not impaired or interrupted, it has no bearing on the outcome of this case.  The statute does not require that public transportation actually be impaired or interrupted.  
See
 
Tex. Penal Code Ann
. § 22.07(a)(4).  The only requirement is that Appellant intended to cause the impairment or interruption of public transportation.  
Id
.  Moreover, the jury could infer Appellant’s intent from her acts, words, and conduct.  
See Reed
, 2005 WL 171343, at *3; 
Slomba
, 997 S.W.2d at 783.  When the jury looked to Appellant’s conduct of hitting Daniels and grabbing the steering wheel while the bus was in motion, and the result of her conduct, causing the bus to swerve and forcing Daniels to cease making stops on the bus’ usual route, in order to drive to the LINK Central office because of Appellant’s actions, the jury could have inferred intent to impair or interrupt public transportation.  
See Dues
, 634 S.W.2d at 305.  The evidence is not so weak that it undermines confidence in the jury’s determination of intent.  
See Johnson
, 23 S.W.3d at 11.

After considering all of the evidence, we hold that the verdict was not so against the overwhelming weight of the evidence that it is manifestly unjust or wrong.  
See Cain
, 958 S.W.2d at 410.  We overrule Appellant’s second point.

Conclusion

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.