COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-210-CR
  
  
DESSIE 
ANN GOODSON                                                         APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Dessie Ann Goodson appeals her conviction for making a terroristic threat. In 
two points on appeal, Appellant complains that the evidence is not legally and 
factually sufficient to support the “intent” element of the alleged threat. 
We will affirm.
Background 
Facts and Procedural History
        On 
October 14, 2002, Appellant was waiting for the LINK bus at the University Drive 
bus stop in Denton County. Marcus Daniels was driving the bus that day when 
Appellant boarded. There was testimony from several witnesses that Appellant was 
complaining that the bus was late, had a camera, and was taking pictures. 
However, there was conflicting testimony about whether Appellant was using 
profanity.
        When 
the bus approached LINK Central, Appellant pulled the cord to signal that she 
wanted to get off the bus. Daniels told Appellant “you know, the stop is on 
the other side of the street.  I will let you off. . . when I come back 
around.”  Jack Brunk, a passenger on the bus that day, testified that 
Appellant proceeded to get up and start punching Daniels in the shoulder.  
Another passenger, Audrey Sharp, testified that Appellant was doing a 
“pushing-type move and hitting him at the same time.” Brunk testified that 
Appellant“ grabbed ahold of the steering wheel,” and Sharp testified that 
there was “a struggle over the steering wheel.”  She stated that while 
Appellant and Daniels were struggling, the bus driver was trying to get the bus 
under control, and that during this time there were “five, six, eight 
different cars on this side of him.” Daniels and passengers testified that the 
bus was swerving during the struggle and that they feared hitting another 
vehicle. Sharp also testified as follows:
  
[STATE]: The swerving that was caused by Ms. Goodson’s actions, was that 
something that would happen normally on the bus? Or what was your impression of 
that?
 
[SHARP]: 
To me, it was abnormal
 
[STATE]: 
You said that there was--there were cars in the nearby area. Were you fearful 
that the bus might strike one of those cars?
 
[SHARP]: 
Yes. And some of the cars had children inside the cars.
 
Once 
Daniels regained control of the bus he drove to LINK Central where Appellant got 
off the bus. Appellant left before the police and the LINK supervisor arrived.
        As 
a result of the events on October 14, 2002, Appellant was indicted for making a 
terroristic threat. A jury trial was held and Appellant was convicted. The jury 
assessed her punishment at six years in prison and recommended probation of the 
prison time. On February 12, 2004, the trial judge suspended imposition of 
Appellant’s sentence and placed her on community supervision for six years.
Points on 
Appeal
        In 
two points, Appellant challenges the legal and factual sufficiency of the 
evidence to support the jury’s verdict. Specifically, Appellant argues that 
the evidence did not show that she possessed the requisite intent to disrupt 
public transportation. Appellant contends that the evidence did not show she 
threatened to commit an act of violence to Daniels or to the bus. In fact, she 
argues that she was trying to facilitate the purpose of the bus system by trying 
to get Daniels to let her off at her bus stop.
Legal 
Sufficiency
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. The trier of 
fact is the sole judge of the weight and credibility of the evidence. See 
Tex. Code Crim. Proc. Ann. art. 
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. 
App. 2000). Thus, when performing a legal sufficiency review, we may not 
re-evaluate the weight and credibility of the evidence and substitute our 
judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 
740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). We must 
resolve any inconsistencies in the evidence in favor of the verdict. Curry v. 
State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
        A 
person makes a terroistic threat if she threatens to commit any offense 
involving violence to any person or property with the intent to cause impairment 
or interruption of public communications, public transportation, public water, 
gas, or power supply or other public service. Tex. Penal Code Ann. § 22.07(a)(4) 
(Vernon Supp. 2004-05).
        Here, 
Appellant complains that the evidence is legally insufficient to support a 
finding that she intended to impair or interrupt public transportation.  
She also argues that by the express wording of the statute, absent a specific 
intent to impair or interrupt public transportation, her threat cannot be a 
violation of section 22.07(a)(4).  See id.; Henley v. State, 
98 S.W.3d 732, 735 (Tex. App.—Waco 2003, pet. ref'd).  Few cases have 
addressed subsection (a)(4), which was added to the statute in 1979.  See 
id.  However, the “intent” language contained in subsection 
“(a)” refers to all four ways in which a terroristic threat can be made. Id.
        Intent 
is a question of fact to be determined by the trier of fact and may be inferred 
from the acts, words, and conduct of the accused.  Reed v. State, 
No. 14-03-00942-CR, 2005 WL 171343, * 3 (Tex. App.—Houston [14th] Dist. Jan. 
27, 2005, no pet. h.); Slomba v. State, 997 S.W.2d 781, 783 (Tex. 
App.—Texarkana 1999, pet. ref'd).  The court held in Dues v. State 
that a person acts with “intent” with respect to the nature of his conduct 
or to a result of his conduct when it is his conscious objective or desire to 
engage in the conduct or cause the result.  634 S.W.2d 304, 305 (Tex. Crim. 
App. 1982). Applied here, if it was Appellant’s conscious objective or desire 
to, by her acts, words, or conduct, cause impairment or interruption of public 
transportation, then she had the requisite “intent”.
        Here, 
several witnesses testified about the results of Appellant’s acts, words, and 
conduct.  There was testimony from Daniels and other passengers on the bus 
that they were fearful that the bus would strike another car.  It is 
undisputed that Appellant hit Daniels and attempted to grab the steering wheel 
while the bus was in motion.  Our duty is not to reweigh the evidence from 
reading a cold record but to act as a due process safeguard ensuring only the 
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 
479, 483 (Tex. Crim. App. 1996).  Applying the appropriate standard of 
review and viewing all the evidence in the light most favorable to the verdict, 
we hold that a rational trier of fact could have found beyond a reasonable doubt 
that Appellant intended to impair or interrupt the operation of the bus so that 
Daniels would let her off.  Burden v. State, 55 S.W.3d 608, 612 
(Tex. Crim. App. 2001).  We conclude that the evidence is legally 
sufficient to establish the “intent” element of the offense. Accordingly, we 
overrule Appellant’s first point.
Factual 
Sufficiency
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484.  There are two 
ways evidence may be factually insufficient: (1) the evidence supporting the 
verdict or judgment, considered by itself, is too weak to support the finding of 
guilt beyond a reasonable doubt; or (2) when there is evidence both supporting 
and contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id. at 484-85.  “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id. at 485.  In other words, evidence supporting a 
guilty finding can outweigh the contrary proof but still be insufficient to 
prove the elements of an offense beyond a reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.  A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 486-87.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal. Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        When 
reviewing Appellant’s factual sufficiency claim, we must remain cognizant of 
the fact finder’s role and unique position—one that the reviewing court is 
unable to occupy.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 
2000). The jury determines the credibility of the witnesses and may “believe 
all, some, or none of the testimony.” Chambers v. State 805 S.W.2d 459, 
461 (Tex. Crim. App. 1991).  It is the jury that accepts or rejects 
reasonably equal competing theories of a case.  Goodman v. State, 66 
S.W.3d 283, 287 (Tex. Crim. App. 2001).  A decision is not manifestly 
unjust as to the accused merely because the fact finder resolved conflicting 
views of evidence in favor of the State.  Cain, 958 S.W.2d at 410.
        In 
the present case, it is clear from the record that Appellant was angry and 
agitated when she boarded the bus.  When Appellant continued to yell and 
complain, Daniels notified LINK Central regarding Appellant and her 
actions.  The record also reveals that Appellant hit and pushed Daniels and 
grabbed the steering wheel while the bus was traveling, causing it to 
swerve.  Although we disagree with Appellant’s assertion that services 
were not impaired or interrupted, it has no bearing on the outcome of this 
case.  The statute does not require that public transportation actually be 
impaired or interrupted.  See Tex. 
Penal Code Ann. § 22.07(a)(4).  The only requirement is that 
Appellant intended to cause the impairment or interruption of public 
transportation.  Id.  Moreover, the jury could infer 
Appellant’s intent from her acts, words, and conduct.  See Reed, 
2005 WL 171343, at *3; Slomba, 997 S.W.2d at 783.  When the jury 
looked to Appellant’s conduct of hitting Daniels and grabbing the steering 
wheel while the bus was in motion, and the result of her conduct, causing the 
bus to swerve and forcing Daniels to cease making stops on the bus’ usual 
route, in order to drive to the LINK Central office because of Appellant’s 
actions, the jury could have inferred intent to impair or interrupt public 
transportation.  See Dues, 634 S.W.2d at 305.  The evidence is 
not so weak that it undermines confidence in the jury’s determination of 
intent.  See Johnson, 23 S.W.3d at 11.
        After 
considering all of the evidence, we hold that the verdict was not so against the 
overwhelming weight of the evidence that it is manifestly unjust or wrong.  
See Cain, 958 S.W.2d at 410.  We overrule Appellant’s second 
point.
Conclusion
        Having 
overruled Appellant’s two points, we affirm the trial court’s judgment.
 
    
                                                                  PER 
CURIAM
   
   
PANEL 
F: HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 24, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.