In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00067-CR
______________________________


JAMES EARL WORKMAN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 18272


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

            James Earl Workman was convicted and placed on community supervision for the
offense of engaging in organized criminal activity and for two counts of theft of property
valued at more than $1,500.00, but less than $20,000.00. The State filed a motion to
revoke community supervision, alleging Workman had committed another criminal act and
thereby violated a term of his supervision. A hearing was held, and the trial court revoked
Workman's supervision. The court then sentenced Workman to five years' imprisonment
for the engaging in organized criminal activity offense and two years' imprisonment for
each of the two theft offenses, such sentences to run concurrently. Workman appeals,
claiming the evidence was insufficient to find a violation of the terms of his community
supervision. We overrule his contentions and affirm the judgment. 
          The State's motion to revoke contained one allegation, that Workman had fled from
"J. D. CLARK, A PEACE OFFICER, WHO [WORKMAN] KNEW TO BE A PEACE
OFFICER, AND SAID PEACE OFFICER WAS THEN AND THERE ATTEMPTING TO
LAWFULLY ARREST OR DETAIN [WORKMAN]," and such act violated a term of
Workman's community supervision, namely, that Workman "[c]ommit no offense against
the laws of this State, or any other State or of the United States." 
          The State's evidence showed that Clark, a deputy with the Lamar County Sheriff's
Department who works with the Regional Drug Task Force, testified the department
received an anonymous tip that Doug George was selling narcotics at a particular
residence. Clark and other officers found the location and watched the trailer house for
about thirty minutes; seeing no cars come or go, they approached the front door. Clark
and another deputy went to the door of the trailer house while two other officers, Trooper
Stacy McNeal and Investigator Michael Taylor, went to the back of the house. George
answered the door; Workman was with him. Clark testified he personally knew both
George and Workman. Clark told George the officers had received a tip that he (George)
was selling narcotics from the home. George denied this and told Clark he could "look
around." Clark asked George if he had any weapons or narcotics on his person; George
answered in the negative and consented when Clark asked to search George's person. 
While Clark was searching George, Clark told Workman on at least two occasions to keep
his hands out of his pockets. When Clark found a syringe and an empty glass vial in
George's pocket, Workman fled from the house. Clark called out to officers in the back
that Workman was running. Clark testified that, when he called out "he's running," he
intended to alert the other officers that they should stop Workman. McNeal testified that,
when he heard Clark's call of a suspect running, he interpreted the statement as an
instruction for them to detain the person running from Clark's location. McNeal and Taylor
pursued the fleeing Workman, who crossed a fence, became briefly ensnared in some
briars, and then continued running before finally stopping. Both McNeal and Taylor
testified they saw Workman running with his hand in his front pocket, then make a motion
as if throwing something down. Although the officers searched the path Workman had run,
they found no contraband. 
          Workman presented no witnesses or testimony. The trial court found the allegation
true and revoked Workman's community supervision, sentencing him as stated above. 
          In a single point of error, Workman argues that the evidence is insufficient to prove
he knew Clark was attempting to arrest or detain him. In the alternative, Workman claims
that, because the allegation in the motion to revoke states he ran from Clark, a fatal
variance existed between the motion to revoke and the evidence presented by the State
at the hearing. According to Workman's reasoning, the only officers who commanded him
to stop were McNeal and Taylor; thus, the motion should have stated he fled from them,
not Clark.
          Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation
proceeding, the state must prove by a preponderance of the evidence the defendant
violated a condition of community supervision as alleged in the motion to revoke. Cobb v.
State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the state fails to meet its burden
of proof, the trial court abuses its discretion in revoking community supervision. Cardona,
665 S.W.2d at 493–94. In determining the sufficiency of the evidence to sustain a
revocation, we view the evidence in the light most favorable to the trial court's ruling. 
Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979). At a revocation
hearing, the trial court is the sole judge of the credibility of the witnesses and of the weight
to be given their testimony; and, on appeal, the evidence must be viewed in the light most
favorable to the trial court's ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
[Panel Op.] 1981); see Cardona, 665 S.W.2d at 493.
            Clark testified he did not tell Workman either to put up his hands or that he was
detained. However, while Clark searched George, Workman put his hands in his pockets
and Clark told Workman more than once to keep his hands from his pockets. McNeal and
Taylor both ordered Workman to stop and drew their weapons. Workman's argument is
that Clark manifested no clear intent to arrest or detain Workman, and the only law
enforcement officers who did articulate such an intent were McNeal and Taylor. At issue,
though, is not the officer's intent, but Workman's. 
          Section 38.04 of the Texas Penal Code provides that a person commits an offense
if such person intentionally flees from a person he or she knows is a peace officer
attempting lawfully to arrest or detain him or her. Tex. Pen. Code Ann. § 38.04 (Vernon
2003). Intent may be inferred from a party's acts. See Moore v. State, 969 S.W.2d 4, 10
(Tex. Crim. App. 1998); Slomba v. State, 997 S.W.2d 781, 783 (Tex. App.—Texarkana
1999, pet. ref'd). Here, Workman was present when Clark told George there was a report
of narcotics trafficking and Clark asked to search George. By repeatedly putting his hand
in his pocket, and then running when drug paraphernalia was found on George's person,
it is reasonable for the trial court, acting as fact-finder, to infer that Workman was
intentionally fleeing from Clark.


 Workman's argument that he did not know Clark was
attempting to detain him is belied by his act of running from the officer. In the totality of the
circumstances, the trial court was within its discretion in finding, by a preponderance of the
evidence, that Workman knew Clark was an officer of the law who was attempting to detain
him.
          Workman's alternative argument fails as well. The language alleging a violation of
the terms of community supervision does not require the same specificity as that of an
indictment. See Bradley v. State, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). The
motion's allegations must simply allege a criminal violation and provide fair notice to the
defendant. Id. The motion to revoke alleges the necessary elements of evading detention. 
Workman was on notice of the alleged criminal conduct, as well as when and where it
allegedly occurred. The evidence clearly shows that Workman was evading all the officers
at the scene. The trial court's finding was within its discretion. Workman's single point of
error is overruled.
          We affirm the judgment. 


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 6, 2004
Date Decided:         May 26, 2005

Do Not Publish