**Affirmed and Majority and Dissenting Opinions filed June 12, 2014.**



In the

# Fourteenth Court of Appeals

NO. 14-12-01097-CR
NO. 14-12-01098-CR

**ADEDJI ALALINCOLN ADEKEYE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause Nos. 1349025 & 1349026**

## D I S S E N T I N G   O P I N I O N

The majority concludes that the evidence is sufficient to sustain appellant's conviction for "Attempted Aggravated Robbery." I respectfully dissent because I believe that the evidence is insufficient to support the conviction. The case should be reversed and appellant acquitted.

I generally agree with the recitation of facts as put forth in the majority opinion. The incident took place outside of a hair salon in a sparsely occupied

strip center. The salon owner was seated in the front portion of the salon. While waiting for customers, the owner observed a female walking by the front of the salon. The woman looked disheveled, wearing a wig and ripped jeans. The woman was moving slowly and walked by the salon twice in one minute. A short time later, a white, older-model SUV parked in front of the salon, backing into the parking space. The salon owner noted the vehicle had no license plates and became concerned.

The salon owner saw the driver of the SUV and noted that she was the same woman with the wig who had walked by her store. Two men were also seen inside the vehicle. One was bald and heavyset, and the other was slender. The slender man was moving his head from side to side, as if scanning the vicinity. The salon owner saw the bigger man trying to put something over his head. The salon owner then saw the same man putting on a pair of gloves and raising what appeared to be a handgun, as if to load it with a magazine. The owner told another woman in the salon to call the police because she thought that she was about to be robbed.

The owner saw the bigger man open the passenger door with a bag in his hand. Before he could get his feet on the ground, a woman pushing a baby stroller walked by the front of the salon, at which time the man ceased his exit from the vehicle. A short time later the same man opened the door of the vehicle. At that time another vehicle parked two spaces away from the SUV. The SUV was then moved to another nearby parking space. More cars had come into the strip center, and the salon owner could hear sirens in the distance. The SUV was then driven away from the strip center.

Appellant was charged by indictment with attempted aggravated robbery. The indictment alleged in pertinent part:

. . . that in Harris County, Texas, *ADEDJI OLALINCOLN ADEKEYE,*

hereafter styled the Defendant, heretofore on or about *MAY 26,2012,* did then and there unlawfully, intentionally, with the specific intent to commit the offense of AGGRAVATED ROBBERY of NORA MENDEZ,[1] hereafter styled the Complainant, do an act, to-wit: ATTEMPTED TO ENTER A BUSINESS WEARING A SKI MASK AND GLOVES AND CARRYING A HANDGUN, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.

Under the law of criminal attempt, a person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *See* Tex. Penal Code § 15.01(a) (West 2013). A person commits an aggravated robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and he uses or exhibits a deadly weapon. *See id.* §§ 29.02(a)(2), 29.03(a)(2). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft. *See id.* § 29.01(1). The statutory definition of aggravated robbery does not require a completed theft to have a completed aggravated robbery. Indeed, our jurisprudence is full of cases wherein individuals have been lawfully convicted of aggravated robbery, having obtained no property whatsoever from the victim. That is to say that an attempted theft rather than a completed theft took place.

By its very nature, the crime of attempted aggravated robbery, even where such a conviction is supported by legally sufficient evidence, requires some mental gymnastics. If an individual confronts another brandishing a firearm and demands property, but the person confronted escapes without handing over property, an

---

[1] The complainant Mendez is the salon owner.

aggravated robbery has still occurred. However, it seems virtually impossible to attempt to commit an act wherein you are attempting to commit a theft and for that act to amount to more than mere preparation that tends to but fails to effect the commission of the offense intended. Essentially, appellant is alleged to have attempted to enter a business while attempting to attempt the theft of property while using a weapon.

Regardless of the nature of the conviction, reviewing courts are required to examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

Evidence is legally insufficient when the "only proper verdict" is acquittal. *Tibbs v. Florida,* 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2218 (1982). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In doing so, we give deference to the responsibility of the fact finder to fairly resolve conflicts in

4

testimony, weigh evidence, and draw reasonable inferences from the facts. *Id.* We defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Clayton,* 235 S.W.3d at 778. However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *See Williams,* 235 S.W.3d at 750.

The majority offers a review of the evidence and compares it to the facts in *Slomba v. State*, 997 S.W.2d 783 (Tex. App.—Texarkana 1999, pet. ref'd). The majority states, "All that remained in this case was for appellant to fully exit the SUV, walk the short distance to the hair salon, and complete the theft of property." Based on the evidence in the record, all that remained was for appellant to commit the crime he was convicted of.

This case is very different from *Slomba.* A thorough review of the record demonstrates why the evidence was insufficient. First, the indictment clearly alleges that appellant "attempted to enter a business." All that is clear from the record is that appellant attempted to exit an SUV. Appellant never got out of the car, much less made it to the door of the salon where the majority presumes he was going to enter. At trial the salon owner testified that appellant never exited the car or attempted to enter the salon. Second, the indictment alleges that appellant had the "specific intent to commit the offense of Aggravated Robbery of Nora Mendez." The record reflects that the salon owner testified that she did not know where appellant was going or who his intended victim was. Additionally, it was alleged that appellant was wearing a mask as part of this offense.[2] Yet at trial the salon owner testified, "I did not say that he was putting a mask on. I said he was

---

[2] While the indictment alleged "ski" mask, the State abandoned the word "ski" prior to the charge being submitted to the jury; therefore, the jury only had to find that appellant was wearing a mask.

5

putting something on his head." Finally, taking all of these defects of proof together, it is impossible to say that the acts of appellant tended but failed to effect the commission of aggravated robbery. The majority cites evidence of flight as circumstantial evidence of his guilt. While I agree that flight is circumstantial evidence of guilt of a crime, it is not circumstantial evidence of the specific crime that is the matter of this appeal.[3] The majority asserts "that a rational jury could have determined that appellant crossed the 'imaginary line' and that his conduct amounted to more than mere preparation." Courtrooms are places of proof, not imaginary lines. Based on the evidence in the record, no rational jury could have found that the State met its burden beyond a reasonable doubt. I have no doubt that appellant was up to "no good." However, the State chose to charge appellant in very specific language with attempted aggravated robbery. The evidence presented at trial fails to prove that charge as alleged.

I would find the evidence insufficient and acquit the defendant of the offense of attempted aggravated robbery.

/s/     Marc W. Brown
        Justice


Panel consists of Justices Boyce, Christopher, and Brown. (Brown, J., dissenting). Publish — TEX. R. APP. P. 47.2(b).

---

[3] Appellant was also convicted for being a felon in possession of a firearm out of this same transaction. The sufficiency of evidence was not challenged for that conviction.

6